BYRNES, Judge.
By this appeal L. Walker Allen, II and Lange W. Allen seek reversal of the granting of an exception of prematurity in their eviction suit against 1st. National Bank of Commerce (1st. NBC). We affirm.
The Allens instituted eviction proceedings based on an alleged breach of an indemnity clause in their lease with 1st. NBC. The breach alleged was the failure of 1st. NBC to defend the Allens in a tort suit filed against them as owners of the leased premises. On the basis of 1st. NBC’s refusal to assume their defense in that suit the Allens attempted to place the bank in default and cancel the lease.
The lease in question provided a 90 day grace period after written notice of default in which the lessee could cure the default. There is some question as to the validity of the notice in this case, which was sent to counsel for the bank’s insurer and not directly to the bank as provided in the lease. However, we base our ruling on the fact that the default was cured prior to the filing of the rule to evict. The record reveals that formal written notice of default was sent by the Allens to counsel for 1st. NBC’s insurer on September 21, 1982. By the terms of the lease 1st NBC was allowed 90 days to cure the default.
The record further reveals that on November 19, 1982 counsel for the Bank’s insurer agreed to abide by the indemnity clause of the lease and assume the defense of the suit. Thus, regardless of all other issues raised by this appeal it appears that the default complained of was cured before the rule to evict was filed on November 24, 1982. Moreover, the grace period provided in the lease for curing the alleged default did not expire until December 21, 1982, approximately one month after the rule to *173 evict was filed. Under these circumstances the exception of prematurity was properly granted.
For the foregoing reasons the judgment of the trial court is affirmed at appellants costs.
AFFIRMED.